## Voss Machinery Co. v. Norris

Before Egan, Kennedy and Nixon, JJ.

*Hermann F. Ruoff*, for plaintiff.

*Homer W. King*, for defendant.

EGAN, J., July 3, 1952.—On June 26, 1952, during the argument before the court en banc on plaintiff's exceptions, counsel for plaintiff stated that he desired to file an amendment under Equity Rule 56. This was accomplished on June 30, 1952, when counsel for all the parties filed the following stipulation, which now must be taken into consideration in passing upon plaintiff's exceptions filed on March 21, 1952:

"It is stipulated and agreed between the Plaintiff and Defendants in the above entitled case that the Pleadings filed in this case be amended by adding the following allegations which for all purposes shall be

considered as having been proven at the trial of this case, viz:

"(1) The Plaintiff is a corporation organized and existing under the laws of the Commonwealth of Pennsylvania, having its principal office in the City of Pittsburgh, Allegheny County, Pennsylvania, having been incorporated on December 30, 1946, the stockholders being Edward W. Voss, Sara F. Voss, his wife, and Robert F. Ford. Since its incorporation Edward W. Voss has been its President.

"(2) Prior to December 30, 1946, Voss Machinery Company was a partnership, the partners being Edward W. Voss and Sara F. Voss, his wife. It was only registered under the Fictitious Names Act of the Commonwealth of Pennsylvania, May 26, 1942, under certificate No. 25152, which to the present time, has not been cancelled. The assets and business of Voss Machinery Company, partnership, were taken over by Voss Machinery Company, a corporation."

Based on the record and the above stipulation, plaintiff's exceptions 1, 2, 3, 4, 5 and 6, which are to parts of the chancellor's findings of fact 3, 4, 5, 6, 7 and 8, are sustained, and the first sentence of those numbered findings of fact are respectively modified to read as follows:

3. On or about August 1, 1944, defendant James T. Norris, Jr., was hired to work as a salesman for Voss Machinery Company, a partnership, predecessor to Voss Machinery Company, a corporation.

4. In or about October 1939 defendant Eugene H. Josephi was hired to work as a salesman for Edward W. Voss, an individual, predecessor to Voss Machinery Company, a partnership, which was predecessor to Voss Machinery Company, a corporation.

5. In or about September 1939 defendant B. L. Schmid was hired to work as a salesman for Edward W. Voss, an individual, predecessor to Voss Machinery

Company, a partnership, which was predecessor to Voss Machinery Company, a corporation.

6. In or about September 1944 defendant Walter Cebelinski was hired to work as a salesman for Voss Machinery Company, a partnership, predecessor to Voss Machinery Company, a corporation.

7. On August 25, 1945, defendant Norris signed a written contract, and continued as before as a salesman for Voss Machinery Company, a partnership, predecessor to Voss Machinery Company, a corporation.

8. On or about January 2, 1947, defendant Norris signed a written contract, and continued as a salesman for plaintiff as he had been before a salesman for Voss Machinery Company, a partnership.

Based upon the record and the above stipulation, plaintiff's exception 7 to the chancellor's eighteenth finding of fact is sustained, and this finding of fact is modified to read as follows:

18. Each defendant worked as a salesman for Voss Machinery Company, a partnership, and for Voss Machinery Company, a corporation, from the date of his original hiring until January 28, 1950, when each terminated his contract of employment, excepting that Josephi and Schmidt also worked for Voss as an individual. Between the date of original employment of defendant salesmen and the termination date of January 28, 1959, there was no particular change in the working arrangement or working conditions of the salesmen and the above named employers.

Based upon the record and the above stipulation, plaintiff's exception 8 to the chancellor's nineteenth finding of fact is sustained, and this finding of fact is modified to read as follows:

19. During the period from the original employment of each defendant to January 28, 1950, there were several slight changes and variations in the

working arrangement between defendant salesmen and Voss Machinery Company, a partnership, and Voss Machinery Company, a corporation, with respect to changing of territories and lists of customers, but these changes and variations were not the result of any bargaining between the parties, but were to benefit the company's business and make the operation of the company more efficient.

Plaintiff excepts to the fourth, sixth and seventh conclusions of law, and to the decree nisi dismissing plaintiff's bill. The conclusions of law rest upon the findings of fact in the adjudication, and upon the modified findings of fact of this opinion, and it is our opinion and decision that these conclusions of law and the decree nisi are proper, and we are further of the opinion that these exceptions should be dismissed. Therefore, plaintiff's exceptions numbered 9, 10, 11 and 14 are hereby dismissed.

The exceptions filed by plaintiff because of the chancellor's refusal to make conclusions of law as requested are answered in their order:

Plaintiff's twelfth exception is to the chancellor's refusal of plaintiff's first request for conclusion of law as follows:

"1. The contracts involved in this action are valid, subsisting, properly executed contracts based upon a valuable consideration and are such contracts for the violation of which, the plaintiff has no adequate remedy at law and are therefore enforcible in equity."

This request could not have been adopted by the chancellor, because the whole record, including the stipulation of June 30, 1952, shows clearly that there was no consideration for the restrictive covenants in restraint of trade which are set forth in the written agreements upon which this action is based. The record shows that the business was carried on by Mr. Voss as an individual until the formation and registration

of the Voss Machinery Company under the Fictitious Names Act on May 26, 1942. Partners were Edward W. Voss and Sara F. Voss, his wife. The business was carried on as a partnership until its incorporation on December 30, 1946, still under the name of Voss Machinery Company, with three stockholders, Edward W. Voss, Sara F. Voss, his wife, and Robert F. Ford, with the latter holding two shares of stock. The stipulation of June 30, 1952, states that "The assets and business of Voss Machinery Company, partnership, were taken over by Voss Machinery Company, a corporation." During all of these years Edward W. Voss operated the business and entered into the contracts that are involved in this action. Regardless of the technical status of their employer, all of these defendants when originally hired were employed under oral contracts, and they could resign or be discharged at will. Under the oral and written contracts each of them had specified territories and customers, and the rate of commission they were entitled to receive for sales made. It is very clear that when the first written contracts were signed there was no consideration which would sustain the restrictive covenants. Plaintiff now seeks to use the fact of incorporation as a basis for contending that contracts made between corporate plaintiff and defendants after December 30, 1946 (date of incorporation), were entirely new contracts, and must have been based upon a valuable consideration. We are unable to subscribe to this theory, and counsel for plaintiff has cited no authority which would warrant such an acceptance on our part. The entire history of the business, whether it was as an individual, a partnership or a corporation, shows the ownership of Edward W. Voss and his wife, so that the real identity of plaintiff remains the same during the entire time of employment, regardless of the form under which the Vosses operated. There is nothing in

the record that will sustain any finding or conclusion that the parties at any time entered into any bargaining for the purpose of producing a consideration which could sustain the restrictive covenants contained in the writings. Cf. Markson Bros. v. Redick, 164 Pa. Superior Ct. 499; Tucker v. Binenstock, 310 Pa. 254; McKay v. Luzerne and Carbon County Motor Transit Company, 125 Pa. Superior Ct. 217; Norris Tool and Machine Co. v. Rosenlund et al, 355 Pa. 560. There was no error in the chancellor's refusal to find as requested in plaintiff's first request for conclusion of law. Plaintiff's twelfth exception is therefore dismissed.

Plaintiff's thirteenth exception is to the chancellor's refusal of plaintiff's third request for conclusion of law as follows:

"3. Plaintiff is entitled to the relief prayed for viz:

"(a) Plaintiff is entitled to an accounting by each of defendants of the sale in operating territory of plaintiff of products similar to or competitive with the products sold by plaintiff in plaintiff's operating territory within 12 months next preceding January 28, 1950, from January 28, 1950, to the date of such accounting; said accounting shall show the name of the product, the name of the manufacturer, the date of the sale, the price for which it was sold, the commission or compensation allowed and paid by the manufacturer for the sale, and the commission or compensation received by defendant.

"(b) Plaintiff is entitled to an injunction against each defendant restraining him from engaging, or being employed, in any capacity or relation in the business of selling any of the products sold by, or competitive to products sold by, the plaintiff in the operating territory of the plaintiff as outlined in exhibit A of the bill of complaint, during any or all of the 12 months next preceding January 28, 1950, for a

374

period of one year from the date of the decree of this court in this section."

This requested conclusion could not have been adopted by the chancellor for the reasons set forth in answer to the next preceding first request for conclusion of law.

In conclusion, we repeat what was stated in the adjudication: "The written contracts themselves make no mention of consideration, and there was no attempt on the part of plaintiff to prove that there was a consideration for the restrictive covenants. These restrictive covenants in restraint of trade constituted unusual obligations and hardships upon defendants, and for them plaintiff paid nothing, promised nothing, and suffered no detriment. In our judgment they cannot stand in the absence of consideration, and for this reason particularly plaintiff is not entitled to an injunction against any of the defendants."